E. H. TOWNE *v.* CHARLES C. RUBLEE AND TRUSTEE.

### Contract. Condition. Performance.

Defendant and his creditors entered into an agreement in writing whereby defendant promised to convey certain property to a trustee to be converted into money and divided among his creditors in payment *pro rata* of his indebtedness, in consideration whereof his creditors promised to give him time for payment of their respective demands until the trustee could dispose of the property and so apply the proceeds, on condition that all of the creditors named in the schedule attached to the agreement execute the contract. Plaintiff signed the contract. Afterwards M., one of the creditors, refused to sign, whereupon C. bought his claim and signed. All other creditors signed. After all had signed, plaintiff learned of the refusal of M. to sign and of the subsequent purchase and signing by C., and thereupon notified defendant that he would not abide by the contract. *Held,* that the agreement became binding so far as the condition was concerned when it was so executed that all of the *debts* were bound, as it was when C. and the other creditors signed; and that plaintiff's notice that he would not abide by the contract availed him nothing.

GENERAL ASSUMPSIT, appealed from the judgment of a justice of the peace. Trial by the court, March Term, 1878, REDFIELD, J., presiding.

The writ was issued and served on the trustee on February 13, 1877. On February 23, the defendant and certain of his creditors, of whom the plaintiff was one, entered into a contract in writing, beginning with a schedule of said creditors, whereby the defendant promised as follows :

I, Charles C. Rublee, of Montpelier, Vt., in consideration that I am now indebted to the parties named in the schedule of creditors hereto attached and of the agreements hereinafter recited, do promise and agree to convey to Samuel S. Kelton, of said Montpelier, immediately after the execution of this contract, the following described property, to wit: [Here followed a description of certain land.] The said property to be disposed of by the said Kelton, and the proceeds thereof to be applied by him, after deducting therefrom the expenses by him incurred and a reasonable compensation for his services in this behalf, *pro rata,* upon and in payment of the respective demands of said creditors and the interest accruing thereon; and in case said demands shall be paid in full and the said Kelton compensated as aforesaid and any of the proceeds of the property shall then remain in the hands of the said Kelton, such remainder is to be paid over to me; and in case said demands shall

Towne *v.* Rublee and trustee.

not be paid in full in the manner herein provided, that part of the said demands remaining unpaid are to be valid and subsisting claims against me. And the said Kelton in disposing of said property is do so at such time and in such manner as he may deem for the mutual benefit of myself and the said creditors, and in applying the proceeds thereof is to apply them in manner aforesaid whenever there shall be in his hands, after deducting his expenses and compensation, an amount equal to twenty per cent. of the sum total of said demands or of the portions of said demands then remaining unpaid.

The promise on the part of the creditors was as follows :

We the undersigned, creditors of the said Charles C. Rublee, in consideration of said promise and agreement on his part, do, each and every of us, agree to give, and do give, time for the payment of our respective demands until the said Kelton shall have disposed of the said property and applied the proceeds thereof in the manner specified. *Conditioned* that the said Charles C. Rublee performs his said promise and agreement, and that all the creditors named in the schedule of creditors hereto attached execute this contract, and also that the sum total of the demands of said creditors shall not exceed, at this date, the sum of two thousand and three hundred dollars. And we here set over against our names here signed by us the amounts of our respective demands at the date hereof.

The plaintiff, who was named in the schedule, signed the contract. Afterwards Almon A. Mead, who was also a creditor and named in the schedule, and who held a negotiable promissory note made by the defendant, whereon there was then due the sum of $347, refused to sign the contract, whereupon Amanda C. Clark purchased said note and signed the contract, setting opposite her signature the amount due on said note. All of the other creditors named in the schedule signed the contract and set down the amount of their respective demands, the sum total of which, including the amount of said note, did not exceed $2,300. After the contract had been so signed the plaintiff learned of the refusal of Mead to sign the contract and of the purchase and signing by Clark, and thereupon notified the defendant that he would not abide by the contract. The defendant thereafter conveyed the property described in the contract to Kelton, and the deeds of conveyance were duly recorded ; and at the time of trial Kelton held the property undisposed of. On February 27 the plaintiff caused the writ to be served on the defendant. On March 12 the

Towne v. Rublee and trustee.

justice rendered judgment for the plaintiff, and the defendant appealed.

Judgment, *pro forma*, for the plaintiff. Exceptions by the defendant.

*Fifield, Pitkin & Porter*, for the defendant.

The contract was one of mutual concurrent promises, and so upon sufficient legal consideration. *Missisquoi Bank* v. *Sabin*, 48 Vt. 239.

The contract was performed on the part of the defendant, and the condition fulfilled. The representation of the debt was the essence of the condition, and the signing of the contract by the holder and owner of the promissory note was a compliance with this condition according to its spirit and meaning. The entire contract should be construed according to the object and intent of the parties to it. 2 Kent Com. 554; *Gray* v. *Clark*, 11 Vt. 583; *Bickford* v. *Cooper*, 41 Pa. St. 142. A substantial compliance with the condition was sufficient. Story Cont. s. 32; 2 Parsons Cont. 656; *Hovey* v. *Pitcher*, 13 Mo. 191; *Chambers* v. *Jaynes*, 4 Pa. St. 39.

The notice by the plaintiff that he would not abide by the contract had no effect. The contract was then made. There were parties to it other than plaintiff and defendant, and it could not be rescinded without their consent. 2 Parsons Cont. 677.

The contract was good as between the parties, though not executed according to the requirements of the law of assignments. *Therasson* v. *Hickok*, 37 Vt. 454; *Merrill* v. *Englesby*, 28 Vt. 150; *Bishop* v. *Catlin*, Ib. 71. And it is a temporary bar. *Kingsbury* v. *Deming*, 17 Vt. 367, note.

*S. C. Shurtleff*, for the plaintiff.

The conditions of the agreement were not complied with, and the plaintiff is not bound. *Dauchy* v. *Goodrich*, 20 Vt. 127.

The plaintiff had the right to revoke his agreement on learning that the terms were not strictly complied with, especially as it was done before the defendant made any assignment of his property.

Towne *v.* Rublee and trustee.

The opinion of the court was delivered by

Ross, J.   The plaintiff with other creditors of the defendant, before the bringing of this suit, entered into an agreement with the defendant that they would give him time on the debts he owed them, on his conveyance of certain property to a trustee to dispose of and divide the proceeds *pro rata* among them, and until such division was made, conditioned that he should make the conveyance of the property,—that certain of his creditors named in a schedule should execute the agreement, and that their debts should not exceed $2,300.   In this schedule of creditors was A. A. Mead, who held a promissory note against the defendant. Mead, on being applied to, refused to execute the agreement, whereupon another creditor named in the schedule purchased Mead's note and executed the agreement, binding the note as well as the other claim held by him.   The plaintiff claims that this agreement, not having been signed by A. A. Mead, is not binding upon him nor any of the defendant's creditors who have signed it.   Considering the object and purpose to be effected by the agreement, we think that it became binding so far as this condition operated upon its due execution, when it was so executed that all the debts held by the creditors named in the schedule were bound by it, so that the right to bring suit on them was postponed until the property conveyed to the trustee was disposed of and the avails divided on such debts *pro rata.*   The moving consideration which caused the insertion of this condition into the agreement was, the binding of all the debts held by the persons named in the schedule to sharing *pro rata* in the division of the property conveyed to the trustee, and to accomplish this purpose suit on all such debts must be postponed until such division could be made.   There is nothing in the scope of the agreement which indicates that any of the creditors signed, or were expected to sign, relying upon the judgment of any other one of the persons named upon the policy of signing or not signing.   If the debts of all the persons named in the schedule were bound, the purpose of this condition was accomplished.   This was accomplished by the signature of the purchaser of the note with the amount set opposite to it, as effectually as if Mead had signed.   Holding that such

9

Towne *v.* Rublee and trustee.

signing was a performance of this condition, the notice by the plaintiff to the defendant that he did not consider it a performance, could have no effect to avoid it, for by its performance he and all the holders of the debts became bound by it.

The *pro forma* judgment of the County Court is reversed, and judgment rendered that the suit was prematurely brought, and for the defendant to recover his costs.