MANSFIELD & STIMSON v. RUTLAND MANUFACTURING COMPANY ; FREDERICK CHAFFEE AND OTHERS, TRUSTEES.

### *Contract. Composition. Trusts.*

In assumpsit wherein R. and others were summoned as trustees, it appeared that defendant, being insolvent, entered into an agreement with certain of its creditors, among whom were plaintiffs, whereby it was agreed that defendant might convey its property to the trustees in trust for the payment *pro rata* from the avails thereof of defendant's debts; that defendant accordingly conveyed its property to the trustees in trust to sell and "convert the same into money" and to pay creditors therefrom in proportion to their respective demands; that some of the creditors refused to enter into the arrangement and brought suits against defendant; that R., with the concurrence of the other trustees, settled the claims of some of those creditors, paying some in full and others more than *pro rata*, and using therein personal property that came to them under the conveyance, but understanding that they were buying the claims on their personal responsibility, and admitting the rights of other creditors to their respective proportionate shares. It did not appear that the trustees had closed their trust, nor that they held any dividend to which plaintiff was entitled. *Held*, that the agreement and conveyance amounted to a compromise; that it was intended that the trustees should convert the property into money and pay creditors *pro rata*, and that all debts should participate; that the use of personal property for that purpose was proper, if made in good faith and without improper diminution of the fund; that although defendant himself might not apply the funds to overpayment of any creditor, yet that the purchase of claims by trustees, if purchased in good faith and held for an equal percentage only, would not vitiate the arrangement; and that as it did not appear that the trust was closed nor that the trustees held any dividend to which plaintiff was entitled, the action was prematurely brought.

GENERAL ASSUMPSIT, with trustee process. Plea, general issue, with notice of special matter. The facts were agreed on as in substance as follows :

On or about September 20, 1876, the defendant, being insolvent, proposed to its creditors an amicable settlement of its affairs ; and on that day the defendant and certain of its creditors, among whom were the plaintiffs, entered into an agreement, which was in writing and under seal, whereby it was agreed that the defendant might transfer its property to Frederick Chaffee, James C. Dunn, and Orrick L. Robbins, in trust, for the payment *pro rata* from the avails thereof of the defendant's debts. Ac-

cordingly, on October 17, the defendant conveyed all of its property both real and personal to the persons named in that agreement, in trust, " to sell, convey, collect, and dispose of, all and singular " said property, " and convert the same into money ", and to pay therefrom the necessary expenses of the trust, and "to distribute and pay over the entire remainder of the proceeds " to the defendant's creditors " *pro rata* in proportion to their respective demands." The grantees therein accepted the conveyance, and at the time of trial were acting thereunder. But no bond was filed in the Probate Court nor any copies filed in the county clerk's office under the provisions of the statutes in reference to assignments for the benefit of creditors. Certain of the creditors refused to come into the arrangement, and some of them brought suits against the defendant. Robbins, with the concurrence of Chaffee and Dunn, settled the claims of some of those creditors, paying them in full, or reduced by such discounts as could be agreed on, and using therein, in some instances, personal property that had come into their hands under said conveyance. It was understood by the trustees that in so doing they were buying such claims on their personal responsibility ; and they admitted that in the distribution to creditors under said agreement the creditors who signed the agreement would be entitled to their proportionate shares under the agreement without deduction on account of payments to others of more than such shares. It appeared that the trustees were personally able to make good the requirements of such settlement.

The cause was heard at the March Term, 1879, when the court, DUNTON, J., presiding, rendered judgment, *pro forma*, for the plaintiffs, and discharged the trustees ; to which the plaintiffs excepted.

*J. C. Baker*, for the plaintiffs.

The assignment was inoperative to prevent creditors from following the property by attachment or trustee process. Gen. Sts. c. 67 ; *Passumpsic Bank* v. *Strong*, 42 Vt. 295. The plaintiffs are not estopped by the agreement. It is plain that the signers signed in faith that all creditors would sign. The benefits held

out to the plaintiffs when they signed being denied them, the agreement does not bind them. *Garrard* v. *Woolner*, 8 Bing, 296.

An arrangement for composition requires strict good faith. If it be agreed that all shall share *pro rata*, and some procure a larger share, the agreement is vitiated. *Ramsdell* v. *Edgarton*, 8 Met. 227 ; *Lathrop* v. *King*, 8 Cush. 382 ; *Partridge* v. *Messer* 14 Gray, 180 ; *Case* v. *Gerrish*, 15 Pick. 49.

It makes no difference here that the trustees admit their personal liability. They cannot speculate in the interests of their *cestuis que trust*, even at a loss to themselves. It is not conducive to the interests of creditors who are to receive *pro rata* dividends that the trustees should be interested to reduce that dividend to save themselves from loss.

*Prout & Walker*, for the trustees.

The conveyance was not void. As between the immediate parties it transferred a title ; and as to creditors who do not assent to it, it was only voidable. Gen. Sts. c. 67, ss. 6–10 ; *Merrill* v. *Englesby*, 28 Vt. 150.

The transfer is good as against the plaintiffs, because they assented thereto. *Merrill* v. *Englesby*. Because they affirmed it by bringing this action. *Bishop* v. *Catlin*, 28 Vt 71. Creditors can disaffirm such conveyance by express notice only or by an attachment of the estate assigned, or a part of it. *Therasson* v. *Hickok*, 37 Vt. 454. Because of delay in instituting proceedings. *Therasson* v. *Hickok*. And because it would be a breach of good faith to permit the plaintiffs to obtain payment in full after having assented to the creation and the continuance of the trust.

The use of the trust funds did not avoid the conveyance. It was in good faith and intended to promote the interest of the creditors.

The opinion of the court was delivered by

Powers, J. From the statement of facts submitted it is clear that no assignment under the statutory requirements was accomplished by the contract entered into by the creditors of the defendant with the defendant and trustees. Probably none was in-

tended. The transaction however does amount, in substance, to a composition. It must be taken from the language made use of in the agreement and conveyance, that it was contemplated that the trustees selected should convert all the assets of the insolvent into cash, and from the avails pay to all the creditors of the insolvent an equal *pro rata* share upon their respective claims; and it was further contemplated that *all* the debts of the insolvent should participate in the percentage distribution. The utmost good faith is required in composition arrangements. Indeed, the contract itself rests largely in the confidence and trust placed by the creditors in each other that all will share alike in the final distribution. The complaint made by the plaintiffs is, that all the creditors did not personally come into the scheme, but that the trustees have paid some of them in full, and others a larger percentage than they were entitled to, and have applied some of the trust property in such payments. The conveyance to the trustees provides in terms that they shall convert the property into cash in order to get funds with which to pay the percentage. The trustees are to exercise their own discretion respecting the conversion of the property, circumscribed only by the rules of that good faith which is required of all persons acting in a fiduciary capacity. The use of the personal property in payment of debts, therefore, is proper enough, so long as no bad faith is imputed and no diminution of the common fund results.

As before suggested, the object of the composition is to bring about an equal application of the insolvent's property to all his debts. The assent of the creditors is essential, not to the end that their names shall appear upon the contract, but that their respective debts shall participate in the distribution. It is the *debt* of the creditor, and not the creditor himself, that must be represented in the percentage realized. If the insolvent himself applies his assets to the payment of any claims in full, or to induce unwilling creditors to join in the contract, it operates as a fraud upon other creditors, as it withdraws so much from his available means for paying his liabilities. But, if the creditors among themselves buy and sell their claims, the assets of the insolvent are unaffected. In *Towne* v. *Rublee*, 51 Vt. 62, a composition contract was en-

tered into by the defendant and his creditors, which in terms was conditioned that all his creditors named in a schedule attached to the contract, should execute the contract. One Mead, a creditor named in the schedule, declined to execute the contract, whereupon another creditor so named purchased Mead's claim, and signed the contract as the holder of the Mead debt. It was held that the contract was not avoided, as the debt of Mead was made to share equally with the rest in the assets of the insolvent. In this case the trustees settled with the non-assenting creditors, understanding that they were buying in their claims upon their own personal responsibility, and they have at all times held such claims for an equal percentage only, with other creditors. So long as no bad faith is apparent, we see nothing in this transaction that affects the plaintiffs' rights in the least. The trustees could not, and do not assume to, reimburse themselves in full from the common fund. For aught that appears, the course taken by the trustees was the only practicable way to effectuate the purpose of the creditors and is presumably for the advantage of all concerned.

It does not appear that the trustees have closed their trust, nor that they hold any dividend to which the plaintiffs are entitled. The suit, therefore, is prematurely brought.

The *pro-forma* judgment of the County Court for the plaintiffs is reversed, and judgment that the suit is prematurely brought, and for defendant and trustees to recover their costs.